# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>JAMES P. ASHLOCK, III, )<br>  )<br>  Defendant. )<br>  ) | CRIMINAL ACTION<br><br>No. 05-20027-01--JWL |

## MEMORANDUM AND ORDER

On November 30, 2005, after a two day trial, a jury convicted defendant James P. Ashlock, III, of being a felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). See Verdict (Doc. #51). The matter is now before the Court on defendant's Motion For Order Declaring Mistrial (Doc. #52) filed December 7, 2005. For reasons stated below, defendant's motion is denied.

Defendant's allegations are summarized as follows:

Defendant focused his defense at trial on the functionality of the firearm in question. During the government's case-in-chief, Detective Jason Sutton admitted that he did not test-fire the firearm to see if the magazine would properly load a shell into the chamber. While the Court was in recess, however, the government had Bruce Stuckey, an ATF agent also listed as a government witness, perform the test-fire. When trial resumed, the government called Agent Stuckey to testify about interstate travel under Section 922(g)(1) and the firearm's functionality. The jury ultimately found defendant guilty of being a felon in possession of a firearm and ammunition.

The Court permitted both defense counsel, Melissa Harrison, and government counsel, Kim Martin, to visit with jurors after trial. During Ms. Martin's visit, a juror indicated that he knew Agent Stuckey. The juror informed Ms. Martin that although he did not recognize the witness's name when it was read aloud at jury selection, he recognized Agent Stuckey when he took the stand because their daughters played competitive softball together. The juror did not notify the Court of this information during trial. The next day, Ms. Martin informed Ms. Harrison of the juror's comments and that Agent Stuckey reported that he recognized the juror as well.

Defendant argues that because his defense focused on whether he had knowledge of the firearm's functionality, prejudice would have resulted from any bias by the juror in favor of Agent Stuckey. Defendant therefore asserts that he did not receive a fair trial.

When confronted with a claim of juror bias or misconduct, the Court has wide discretion in deciding how to proceed. United States v. McHorse, 179 F.3d 889, 904 (10th Cir. 1999) (citing United States v. Jones, 707 F.2d 1169, 1173 (10th Cir. 1983)). It is left to the Court to determine whether and when to hold an evidentiary hearing on the allegations. See United States v. Bradshaw, 787 F.2d 1385, 1389 (10th Cir. 1986) (citing United States v. Hendrix, 549 F.2d 1225, 1227 (9th Cir. 1977)). The Court must ask "whether actual bias existed or whether the circumstances compel an imputation of inherent bias to the juror as a matter of law" such that the misconduct has unfairly prejudiced the defendant. United States v. Lawrence, 405 F.3d 888, 903 (10th Cir. 2005) (citing McHorse, 179 F.3d at 904). But even if a defendant shows juror bias, not every instance requires a new trial. McHorse, 179 F.3d at 904. The safeguards in place for juror impartiality, such as *voir dire* and jury instructions, are not infallible. Wimbley v. Werholtz, No. 04-3320, 2005 WL 2293600, at *15 (D. Kan. Sept. 20, 2005). Indeed, the Constitution guarantees a fair trial, not a perfect one. McHorse, 179 F.3d at 904. Absent evidence to

the contrary, a court will presume that jurors remain true to their oath and conscientiously observe the instructions and admonitions of the court. King v. Emerson Elec. Co., 837 F. Supp. 1096, 1101 (D. Kan. 1993) (citing United States v. Easter, 981 F.2d 1549, 1553 (10th Cir. 1992)).

Here, defendant has not shown actual bias on the part of the juror, and the circumstances do not compel an imputation of inherent bias as a matter of law. During *voir dire*, the juror did not recognize Agent Stuckey by name. When Agent Stuckey took the witness stand, the juror recognized him as the father of his daughter's softball teammate. Such limited familiarity with a witness reveals nothing regarding the juror's attitude toward defendant's guilt or innocence or the credibility of Agent Stuckey as a witness. Defendant points to no facts which suggest that the juror intentionally concealed information, or that the juror's limited familiarity with Agent Stuckey would have provided a valid basis for a challenge for cause. See United States v. Apperson, No. 04-3375, 2005 WL 2982282, at *3 (10th Cir. Nov. 8, 2005). On this record, the Court finds no prejudice to defendant.

Moreover, the Court's jury instructions adequately dealt with any potential for unfair prejudice. Instruction No. 6 directed the jury to presume defendant's innocence and to consider only the evidence which was presented at trial. Instruction No. 20 advised the jury to not attach any special weight to the testimony of law enforcement officers and to subject such testimony to the same level of scrutiny as other witnesses. Instructions No. 25 and No. 26 directed the jury to consider the evidence impartially and without bias or prejudice, and Instructions No. 26 and No. 27 reminded the jurors of their oath to reach a verdict based upon the evidence alone. There is no indication that a juror violated his oath or failed to heed the Court's instructions, and the jury's verdict was consistent with the evidence in the case.

**IT IS THEREFORE ORDERED** that defendant's Motion For Order Declaring Mistrial

(Doc. #52) filed December 7, 2005, be and hereby is **DENIED.**

Dated this 17th day of January, 2006 at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
